# EXHIBIT A

No. 20-18

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellant,

v.

DUSTIN HIGGS,

Appellee.

*Appeal from the United States District Court for the
District of Maryland, Southern Division,
Honorable Peter J. Messitte, U.S. District Judge*

BRIEF OF APPELLANT AND, IN THE ALTERNATIVE,
PETITION FOR WRIT OF MANDAMUS

Jeffrey A. Hall
Counsel to the Assistant
    Attorney General
Civil Division
Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 353-8679

December 31, 2020

Robert K. Hur
United States Attorney

Ellen E. Nazmy
Special Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770
(301) 344-4433

*Attorneys for the Appellant*

Likewise, in interpreting the fallback provision of the FDPA and its predecessor statute, no court (until the decision below) ever suggested that a sentencing court may designate an alternative State *only* at the time the death sentence is imposed. That is unsurprising for multiple reasons.

To begin, nothing in the text of Section 3596(a) states or implies such a limitation. To the contrary, Congress enacted a separate provision of the FDPA—18 U.S.C. § 3594—that governs "[i]mposition of a sentence of death." Section 3596, by contrast, governs "[i]mplementation of a sentence of death." And the temporal terms in Section 3596(a) reinforce that the alternative-designation provision remains available post-sentencing. The first sentence of Section 3596(a) states that a "person who *has been* sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General *until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence*"—a period that typically lasts many years. 18 U.S.C. § 3596(a) (emphasis added). The second sentence begins, "*When the sentence is to be implemented*," and provides that the death sentence generally shall be implemented "in the manner prescribed by the law of the State in which the sentence is imposed"—unless, as the third sentence provides, "the law of the State does not provide for implementation of a sentence of death." *Id.* (emphasis added). In that circumstance, "the court shall designate another State, the law of which *does provide* for the implementation of a sentence of death, and the sentence

18

*shall be implemented* in the latter State in the manner prescribed by such law." *Id.* (emphasis added). The unmistakable temporal flow and present-tense verbs in Section 3596(a) leave no room for a reading that the fallback provision can be invoked only at the time the death sentence is imposed. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 333 (1992) ("Congress' use of a verb tense is significant in construing statutes.").[2]

In addition, reading Section 3596(a) to require designation of an alternative State at the time the sentence is imposed would directly contradict the purpose of the statute. By allowing the absence of a state death penalty to block implementation of a federal death sentence imposed in that State, such a now-or-never reading perversely creates the exact problem Congress adopted the fallback provision to solve. *See, e.g.*, *Execution Protocol Cases*, 955 F.3d at 120-21 (Katsas, J., concurring). The Supreme Court, however, has refused to interpret the FDPA and its predecessor to create such a gap or "hiatus." *Andres*, 333 U.S. at 745 n.6 (reading the 1937 Act's reference to the "State" laws to include laws of a federal territory to

---

[2] To be sure, a district court *may* designate an alternative State at the time it imposes a death sentence as a way to provide maximum clarity about which state law will ultimately govern implementation of that sentence. *See* JA 162-63 (citing district courts that have made such designations). That approach is logical when the State in which the sentence is imposed has *already* repealed its death penalty, thereby making clear that an alternative State must be designated at some point before implementation of the sentence. *See id.* But nothing in the FDPA suggests that a sentencing court *must* designate an alternative State at the time the sentence is imposed or forever relinquish its ability to do so.