**EXECUTION SCHEDULED FOR JANUARY 14, 2021 AT 6:00 P.M. ET**

**No. 20-15**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**United States Of America
Plaintiff - Appellee,**

**v.**

**Corey Johnson, A/K/A O, A/K/A CO,
Defendant - Appellant.**

---

**No. 21-1**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**United States Of America
Plaintiff - Appellee,**

**v.**

**Corey Johnson, A/K/A O, A/K/A CO,
Defendant - Appellant.**

---

**CAPITAL CASE**

**EMERGENCY MOTION FOR STAY OF EXECUTION
PENDING APPEAL**

---

Donald P. Salzman
Jonathan Marcus
David E. Carney
Skadden, Arps, Slate, Meagher &
Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

*Counsel for Corey Johnson*

Appellant Corey Johnson respectfully moves for a stay of execution pending his appeal of the Court's January 13, 2021 order denying his motion to stay his execution. (No. 20-15, ECF No. 26.) Mr. Johnson recognizes that the Court concluded that he is not entitled to a stay and then denied his Emergency Petition for Rehearing En Banc. Nevertheless, United States Supreme Court Rule 23.3 counsels that Appellant first move this Court for a stay pending appeal before seeking such relief from the United States Supreme Court. Mr. Johnson intends to file an emergency application to stay his execution with the United States Supreme Court today.

Accordingly, for the reasons stated below and in Mr. Johnson's earlier motions for stay and Emergency Petition for Rehearing En Banc, Mr. Johnson respectfully asks the Court to stay his execution pending appeal. (No. 20-15, ECF Nos. 15 and 27; No. 21-1, ECF Nos. 8 and 26.) Mr. Johnson is entitled to a stay of execution because (1) he has a significant possibility of success on the merits; (2) he is likely to suffer irreparable injury otherwise; (3) the balance of equities tip in his favor; (4) an injunction is in the public interest; and (5) he did not unduly delay in bringing his claims. *See generally Dunn v. McNabb*, 138 S. Ct. 369 (2017).

*First*, Mr. Johnson is likely to prevail on the merits of his appeals. Because Mr. Johnson's convictions under 21 U.S.C. § 848(e) are "covered offenses" under the First Step Act, he is permitted to ask a jury to reconsider his death sentences.

In addition, the Federal Death Penalty Act (the "FDPA") prohibits Mr. Johnson's execution because he is intellectually disabled.

*Second*, because the United States intends to execute Mr. Johnson today, he unquestionably faces irreparable injury. *See Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (recognizing that irreparable injury "is necessarily present in capital cases").

*Third*, the balance of equities tips in favor of granting the stay. Staying Mr. Johnson's execution briefly for this Court to consider these grave issues will not substantially injure the United States. Although the government normally has a "strong interest" in "proceeding with its judgment," *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004) (citation omitted), that interest should sensibly yield here to afford Mr. Johnson the chance to vindicate those rights.

*Fourth*, the United States has no legitimate interest in executing a prisoner in violation of federal law.

*Fifth*, Mr. Johnson did not unnecessarily delay in bringing his claims under the FDPA and the First Step Act. Mr. Johnson sought relief under the First Step Act in August 2020, just months after courts determined in non-capital cases that 21 U.S.C. § 848 was a covered offense, and after the district court determined that any sentencing reconsideration had to consider post-conviction conduct. *See e.g.*, *United States v. Davis*, No. 93-CR-30025, 2020 WL 1131147, at *2 (W.D. Va.

2

Mar. 9, 2020).  And when the government scheduled Mr. Johnson's execution for January 14, 2021, Mr. Johnson promptly filed his § 2255 motion challenging the implementation of his sentence under the FDPA.

For these reasons, Appellant Corey Johnson respectfully requests that the Court stay his scheduled execution pending his appeal of the Court's Memorandum Opinion and Order denying a stay.

Dated: January 14, 2021          Respectfully submitted,

/s/ Donald P. Salzman
Donald P. Salzman
Jonathan Marcus
David E. Carney
Skadden, Arps, Slate, Meagher &
Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
david.carney@skadden.com

*Counsel for Corey Johnson*

4

## CERTIFICATE OF COMPLIANCE

1.      This motion contains 542 words, excluding the parts of the brief exempted

from the word count by Fed. R. App. P. Rule 27(d)(2) and Rule 32(f).

2.      This motion complies with the font, spacing, and type size requirements set

forth in Fed. R. App. P. Rule 32(a)(5).

/s/ Donald P. Salzman

5

## CERTIFICATE OF SERVICE

I certify that on this 14th day of January 2021, the foregoing

document was served on all parties or their counsel of record though the CM/ECF

system, which will then send notification of such filing to all parties and counsel

included on the Court's Electronic Mail notice list.

/s/ Donald P. Salzman
Donald P. Salzman
Jonathan Marcus
David E. Carney
Skadden, Arps, Slate, Meagher &
Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Corey Johnson*